# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 28 2013

DAVID J. MALAND, CLERK
BY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | Criminal No 4:13CR15 |
| JOSE ANTONIO RODRIGUEZ (2) | § § § | |

## PRETRIAL ORDER AND ORDER RELATING TO PRETRIAL DISCOVERY AND INSPECTION

1. By **March 14, 2013**, all parties shall have complied with all discovery and inspection required by Rule 16, Fed. R. Crim. P.

2. By 5:00 P.M. on **March 10, 2013,** the government shall, in accordance with Brady v. Maryland, 373 U.S. 83 (1963)(evidence which might tend to exculpate defendant, mitigate punishment, or impeach testimony which may be determinative of defendant's guilt or innocence), provide the defendant(s) with all of the exculpatory evidence it possesses concerning the defendant(s). Any exculpatory evidence coming into the possession of the government after that date shall be promptly provided to defendant(s).

3. The government shall provide each defendant with Jencks Act material (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates.

4. The government shall provide each defendant with all material required by Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972)(evidence of agreements or promises made by the government to a witness) by not later than immediately prior to the testimony of the witness to whom such material relates.

5. All pretrial motions shall be filed by 5:00 p.m. on **March 14, 2013**, or 30

*days prior to jury selection should the case be set for trial after **April 31, 2013**.* Discovery motions and motions for a Bill of Particulars will be denied in their entirety unless they are limited to the specific matters actually in dispute, *after conference with opposing counsel.* All such motions shall contain a certificate evidencing such conference and the results thereof. Either the motion or the certificate shall <u>specifically</u> identify the matters that remain in dispute.

6. All responses to pretrial motions shall be filed by 5:00 P.M. on **March 21, 2013,** or if pretrial motions are allowed to be filed after that date, then within 7 days after the filing of said motion.

7. Except for good cause shown, the Court will not allow any change of plea by defendant(s) after **April 1, 2013,** *or 21 days prior to jury selection should the case be set for trial after **April 31, 2013**.*

8. The case is set for final pretrial conference and trial scheduling before the Honorable Richard Schell on **Monday, April 1, 2013, at 9:00 a.m.** at the U.S. Courthouse, 7940 Preston Road, in Plano, Texas. Any motions for continuance are due no later than 5:00 p.m. Tuesday preceding the final pretrial conference. Otherwise, the defendant and defendant's counsel will be expected to appear on the date stated above. All exhibits used at trial shall be numbered numerically and in succession. ***Any party desiring to file proposed jury instructions shall do so no later than two business days prior to the date of jury selection. Any party seeking to file proposed instructions after that date may do so only with leave of the U.S. District Judge.***

9. Within five (5) days of the date of this order, the United States Attorney and the Defendant's attorney shall confer and the government shall:

  a. Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney of the government;

  b. Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government;

  c. Permit defendant's attorney to inspect and copy or photograph any relevant recorded testimony of the defendant before a grand jury;

  d. Permit defendant's attorney to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government;

  e. Permit defendant's attorney to inspect and copy or photograph the Federal Bureau of Investigation Identification sheet indicating defendant's prior criminal record; and

  f. Permit defendant's attorney to inspect, copy or photograph any evidence favorable to the defendant.

  g. Disclose to Defendant's attorney Rule 404(b) evidence of the defendant's other crimes, wrongs, or acts which -- although inadmissible to prove the defendant's bad character -- the government believes to be admissible for such purposes as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge.

 10. If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (9) and requested by defendant's counsel, disclosure shall be in writing, directed to defendant's counsel, and signed personally by the United States Attorney, and shall specify the types of disclosures that are declined. If the defendant seeks to challenge the declination, he shall proceed pursuant to paragraph 12 below;

11. If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney within ten (10) days of the date of this order with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written, and the United States Attorney shall respond in like manner.

12. In the event defendant thereafter moves for additional discovery or inspection, his motion shall be filed by **March 14, 2013.** It shall contain:

   a. the statement that the prescribed conference was held;

   b. the date of said conference;

   c. the name of the Assistant United States Attorney with whom conference was held; and

   d. the statement that agreement could not be reached concerning the discovery or inspection that is the subject of defendant's motion.

13. Any duty of disclosure and discovery set forth in this Order is a continuing one, and the United States Attorney shall any additional information gained by the government.

14. Upon government's compliance with the provisions of paragraph 9 of this Order, the defendant shall permit the government to inspect and copy or photograph:

   a. Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial; and

   b. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

15. Any disclosure granted by the government pursuant to this Order of material within the purview of Rules 16(a)(2) and 16(b), Federal Rules of Criminal Procedure, shall be considered as relief sought by the defendant and granted by the Court.

Signed the 28th day of February, 2013.

_____
Don D. Bush
United States Magistrate Judge